## ADOLPH GANZ AND ANOTHER, RESPONDENTS, v. SAMUEL ELFENBEIN, APPELLANT.

Argued March 3, 1920—Decided June 14, 1920.

The rescission of a contract for the sale of land is a sufficient consideration for the giving of a check for a return of the deposit paid on account of the purchase price.

On appeal from the Supreme Court.

For the respondents, *Isador Haber.*

For the appellant, *John W. Ockford.*

The opinion of the court was delivered by

SWAYZE, J. Elfenbein entered into a written agreement under seal to convey land to Adolph Ganz and wife. Ganz paid $1,000 on account of the purchase-money. When they met to carry out the agreement a controversy arose. As a result they made a parol agreement to rescind, and Elfenbein gave Ganz his check for $1,000 as return of deposit. He stopped payment on the check and Ganz brought this action. The complaint counts (1) on the agreement for rescission, averring the giving of the check as a return of the deposit, and the acceptance thereof by the plaintiff, and (2) on the check. Shortly after the rescission Elfenbein sold the property to another. The defence is that the rescission amounted to a contract for the sale of an interest in land and was not binding because there was no written memorandum to satisfy the statute of frauds.

It is held in some cases that where a vendee has an interest in lands under a contract of sale, that interest cannot be revested in the vendor without a writing; in other cases the question is dealt with as if it were about a mere executory

contract of sale and no interest in the land had been created. The question is an interesting one, but we are not concerned with it under the facts in this case. They bring it within the rule of *Long* v. *Hartwell, Administrator of Carpenter,* 34 *N. J. L.* 116, 124, 125. The case rests upon an actual performance of the contract by way of accord and satisfaction as Mr. Justice Van Syckel there said. The present case is even stronger. This action is on a check of the defendant and the only defence is lack of consideration. Lack of consideration may be shown as between the parties, but the difficulty of the defendant is that he has shown a sufficient consideration. If the statute of frauds is not applicable, the case is the ordinary case of a discharge of Elfenbein's liability in consideration of his check. If the statute of frauds is applicable, the case is that of Elfenbein giving a check in consideration of Ganz's promise to discharge Elfenbein's liability, and a performance by Elfenbein giving the check and by Ganz when he confirmed the discharge by the complaint in this action. Or, to state it differently, Ganz, by accepting the check in satisfaction, gave up his rights by way of surrender which, under section 2 of the statute of frauds, may be not only by deed or note in writing but also by act and operation of law. *Meeker* v. *Spalsbury,* 66 *N. J. L.* 60; *Miller* v. *Dennis,* 68 *Id.* 320. In any event the plaintiff is entitled to have judgment for the amount of the check.

Let the judgment be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, GARDNER, ACKERSON, JJ. 12.

*For reversal*—None.